UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

TIMOTHY SEAN COOGLE,

      Movant,

v.                                    Civil No. 2:18-cv-01291
                                      Criminal No. 2:17-cr-00167-01

UNITED STATES OF AMERICA,

      Respondent.

MEMORANDUM OPINION AND ORDER

Pending are Timothy Sean Coogle's Motion for Home Detention (ECF 102), filed May 20, 2021, and Motion to Expedite Ruling on Motion for Home Confinement[1] (ECF 105), filed October 25, 2021. Mr. Coogle filed the instant motions while his request for a certificate of appealability remains pending before the Fourth Circuit. See ECF 93.

In his motions, Mr. Coogle requests that the court "grant [him] home confinement" while he awaits the Fourth Circuit's decision regarding his certificate of appealability. ECF 102 at 3; see also ECF 105 at 12. Mr. Coogle appears to support his request by contending that home confinement will

---

[1] Mr. Coogle's Motion to Expedite Ruling on Motion for Home Confinement (ECF 105) was filed only in his criminal case: 2:17-cr-00167-01 and not in his related civil action: 2:18-cv-01291.

permit him to "re-establish" his relationship with his family.
ECF 102 at 3.  Indeed, his assertions in support of his request
boil down to the contention that he needs his family, and his
family needs him.  See id.; see also ECF 105 at 8-9.

Inasmuch as Mr. Coogle has failed to present any
exceptional grounds that would support his request for home
detention, the court DENIES his motion (ECF 102) requesting the
same.[2]  In light of the court's aforementioned ruling, Mr.
Coogle's motion to expedite ruling on his motion for home
confinement (ECF 105) is DENIED AS MOOT.

---

[2] It is noted that Mr. Coogle fails to specify any authority
that would permit the court to grant his requested relief, and
he makes clear that his motion is not one for compassionate
release.  See ECF 102 at 2-3.  The court further notes that Mr.
Coogle referred to the instant motion for home detention as "a
motion for furlough" in his docketed letter to the Clerk's
office requesting an update on his case.  See ECF 103.  Insofar
as Mr. Coogle seeks a furlough to re-establish his familial
ties, the court lacks the authority to grant Mr. Coogle's
request.  See Ferguson v. Wilson, Civil Action No. 1:18-00404,
2019 WL 6852468, *18 (S.D.W. Va. Apr. 26, 2019), report and
recommendation adopted, No. CV 1:18-00404, 2019 WL 4740869
(S.D.W. Va. Sept. 27, 2019) (concluding "[t]he plain language of
18 U.S.C. § 3622 gives the BOP exclusive authority to determine
whether a federal prisoner should be granted a furlough.").

The Clerk is directed to transmit copies of this order

to all counsel of record and any unrepresented parties.

ENTER: October 27, 2021

John T. Copenhaver, Jr.
Senior United States District Judge