```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON


TIMOTHY SEAN COOGLE,

          Movant,

v.                                    Case Nos. 2:88-cv-01291
                                                2:17-cr-00167

UNITED STATES OF AMERICA,

          Respondent.
```

## MEMORANDUM OPINION AND ORDER

Pending is movant Timothy Coogle's Motion for Writ of Audita Querela (ECF No. 141), filed June 18, 2024. Thereafter, on June 24, 2024, Coogle filed a Motion for Addendum to Audita Querela Motion. ECF 142. On June 25, 2024, Coogle filed another Motion for Writ of Audita Querela. ECF 145. The motions are resisted by the United States. ECF 148. Thereafter, the movant submitted his reply to the United States' response. ECF 152.

### I. BACKGROUND

On January 14, 2018, the movant pled guilty to one count of attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b). ECF No. 53-1. As part of the plea agreement, the movant waived his right to appeal or collaterally attack the conviction or sentence, except that he retained the right to appeal a sentence

that exceeded the statutory maximum or included an upward variance from the United States Sentencing Guidelines ("USSG").  The movant also retained the right to challenge his conviction and sentence on grounds of ineffective assistance of counsel. <u>Id.</u>  On January 31, 2018, the court held a thorough plea colloquy before accepting the movant's guilty plea.

On May 17, 2018, the court sentenced the movant to 121 months imprisonment after applying a three-level downward variance from the recommended 168-210 months under the USSG.  ECF No. 53-1.  The sentence amounted to just one month more than the statutory minimum sentence of 120 months.

## II. PROCEDURAL HISTORY

The movant, in September 2018, filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255.  ECF 42.  This court denied the movant's 28 U.S.C. § 2255 motion and denied his motion for a certificate of appealability.  ECF Nos. 85, 91.  Thereafter, in January 2023, the United States Court of Appeals for the Fourth Circuit denied movant's motion for a certificate of appealability of the denial of his § 2255 motion.  ECF 111.

The movant filed a motion under 28 U.S.C. § 2241 in the District of New Jersey, which was there construed as a motion under 28 U.S.C. § 2244 for authorization to file a second or successive

motion under § 2255 and transferred to the Fourth Circuit. The motion to file a second or successive § 2255 motion was denied by the Fourth Circuit in February 2024. ECF 5. The pending motions noted above followed.

### III. LEGAL STANDARD

28 U.S.C. § 2255 provides prisoners the opportunity to challenge their convictions under certain conditions. Specifically, paragraph 1 of § 2255 sets forth:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In contrast, a writ of audita querla is applicable where there exists a challenge to a judgment that has been transformed by matters that arose after being rendered. United States v. Reyes, 945 F.2d 862, 863 n.1 (5th Cir. 1991). A writ of audita querela, has "long [been] abolished in federal civil proceedings" and bears "no apparent relevance to criminal sentences." Melton v. United States, 359 F.3d 855, 856 (7th Cir. 2004); See Fed. R. Civ. P. 60(b).

3

## IV. ANALYSIS

Movant raises issues with his guilty plea, claims he received ineffective assistance of counsel, and asserts he was improperly subjected to entrapment. ECF 145. The court finds that all three claims are readily cognizable under § 2255. Movant's captioning of the motion is inconsequential as "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, is a motion under § 2255, no matter what title the prisoner plasters on the cover." Melton, 359 F.3d at 857. The motion's "name makes no difference" for ultimately "it is the substance that controls." Id.

Inasmuch as movant's claims fall under § 2255, which has already been exhausted by him, he cannot pursue them by petitioning for a writ of audita querela. Movant's motion fits within the definition of § 2255, notwithstanding its caption, and is construed as such by the court. Thus, this court and the Fourth Circuit's denial of a certificate of appealability remains in effect. Movant's motion is an unauthorized second or successive § 2255 motion and must be denied.

## V. CONCLUSION

For the foregoing reasons, the movant's quest for a writ of audita querela is denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: December 3, 2024

John T. Copenhaver, Jr.
Senior United States District Judge

5