UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**United States of America,**

    **Plaintiff,**

v.                                   Criminal No. 2:17-cr-167
                                        Civil No. 2:18-cv-01291

**Timothy Sean Coogle,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending is the defendant's Rule 60(b)(6) Motion, filed pro se on October 9, 2025.  See ECF No. 185.  In his Motion, defendant requests that the Court vacate his conviction, or, in the alternative, hold an evidentiary hearing under Federal Rule of Civil Procedure 60(b)(6).

At the outset, Federal Rule of Civil Procedure Rule 60(b)(6) is an inappropriate vehicle for defendant to challenge his criminal conviction.  The Fourth Circuit has held in unpublished opinions that "the Federal Rules of Civil Procedure do not provide a vehicle by which [a plaintiff] may challenge his criminal conviction."  See United States v. Abney, 39 F. App'x 12, 14 (4th Cir. 2002) (affirming district court's denial

of appellant's Rule 60(b) motion); United States v. Jones, 730 F. App'x 172 (4th Cir. 2018) (same).

The Eleventh and Fifth Circuits have also held that Rule 60(b) does not provide relief from judgment in a criminal case. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide relief from judgment in a criminal case"); United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) ("Federal Rule of Civil Procedure 60(b) therefore, simply does not provide for relief from a judgment in a criminal case."). And the Sixth and Tenth Circuits have likewise, in unpublished opinions, issued similar rulings. See United States v. Diaz, 79 F. App'x 151, 152 (6th Cir. 2003) ("A party may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings."); United States v. Ramirez, 211 F. App'x 712, 714 (10th Cir. 2007) ("Rule 60(b) does not apply to a criminal proceeding.").

Defendant's effort to reach the criminal judgment in this case through Civil Rule of Civil Procedure 60(b)(6) is simply a veiled attempt to file a successive petition under 28 U.S.C. § 2255 without seeking prior approval of the United States Court of Appeals for the Fourth Circuit.

In light of the above, it is hereby ORDERED that defendant's Rule 60(b)(6) Motion requesting that the court vacate his sentence or grant an evidentiary hearing on the basis of alleged <u>Brady</u> violations be, and hereby is, DENIED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

Enter: December 29, 2025

_____
John T. Copenhaver, Jr.
Senior United States District Judge